

**FILED**
October 07, 2023 01:19 PM
SX-2023-CV-00354
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS, by and through JUSTA E. ENCARNACION, Commissioner of Health, and ARIEL M. SMITH, Attorney General of the VIRGIN ISLANDS HOSPITALS AND HEALTH FACILITIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH QUEST, LLC., and WALTER GARDINER, MD,<br><br>Defendants. | **SX-2023-CV-00354**<br><br>**ACTION FOR PRELIMINARY AND PERMANENT INJUNCTION, BREACH OF CONTRACT**<br><br>**2023 VI SUPER 60U** |

## OPINION

**THIS MATTER** is before the court on a Motion for Temporary Restraining order and Preliminary Injunction filed by the Plaintiffs pursuant to V.I. R. Civ. P. 65(a) for a preliminary injunction and V.I.R. Civ. P. 65(b) for a temporary restraining order. Plaintiffs submit that immediate and irreparable injury will result if Defendant Healthquest LLC d/b/a Caribbean Kidney Center (CKC) and Dr. Walter Gardiner, the owner of the CKC facilities, are permitted to discontinue life-saving dialysis services by 5:00 p.m. on October 7, 2023, without complying with federal and local rules and contractual requirements.

Accompanying the Motion and Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction are *(a)* a Verified Complaint; *(b)* Affidavit of Justa Encarnacion, Commissioner of Health; *(c)* Affidavit of Christopher E. Finch, Chair of the Board of the Virgin Islands Government Hospitals and Health Facilities Corporation; and *(d)* Affidavit of Paulina Horsford, a dialysis patient with CKC. The Declaration of Counsel, also filed with the Motion, certifies that "concurrent with the filing of the Complaint and Plaintiffs' motion for Temporary Restraining order and Preliminary Injunction, I caused the pleadings, motion and proposed order to be sent to Scott McChain who I understand to be counsel for the Defendants."

The court determines that the verified complaint and affidavits clearly show that "immediate and irreparable injury, loss, or damage" will result should CKC be permitted to discontinue life-saving dialysis treatment by 5:00p.m. on October 7, 2023, and will therefore, proceed in accordance with V.I. R. Civ. 65(b).

**Legal Standard**

Temporary restraining orders are governed by Rule 65 of the Virgin Islands Rules of Civil Procedure. The Virgin Islands Rules of Civil Procedure state in pertinent part as follows:

(a) PRELIMINARY INJUNCTION

(1) **Notice.** The Court may issue a preliminary injunction only on notice to the adverse party.
(2) Before or after beginning a hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing....

*V.I. R. Civ. 65(a)*.

(b) TEMPORARY RESTRAINING ORDER.

(1) *Issuing Without Notice*. The court shall consider and rule upon an application for a temporary restraining order as soon as practicable, and may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(2) **Contents; Expiration**. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk of court's office and entered in the record. The order expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

*V.I. R. Civ. P. 65(b)*. The injunctive relief sought by the Plaintiffs is to enjoin CKC and Dr. Gardiner from closing their renal dialysis facilities in the Territory pending their compliance with federal and local rules and their contractual obligations on notice. In deciding whether to grant preliminary injunctive relief, the court will consider four factors:(1) mistake, inadvertence, surprise, or excusable neglect;(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief;

(3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Merchants Com. Bank v. Oceanside Vill., Inc.,* 2018 WL 6721771, at *1–2 (V.I. Super. Dec. 19, 2018) *citing to Yusuf v. Hamed,* 59 V.I. 841, 847 (2013). "Some showing" on all four factors must be evaluated "under a sliding-scale" standard. *Moses v. Fawkes,* 66 V.I. 454, 460 (2017). If the moving party makes a clear showing that injunctive relief should be granted, it would be deemed to have met its burden. *Id.*

For the reasons articulated below, the court will grant a temporary restraining order.

**(1) The Movant has Shown Reasonable Probability of Success on the merits.**

Plaintiffs file claims for anticipatory breach of contract in Counts I and II of the verified complaint. Count I, titled "First Cause of Action" alleges that the Defendant, who has undertaken to provide covered services to Medicare beneficiaries in accordance with the established contractual obligations stated in 42 CFR section 494.20 to comply with federal and local laws, will be in breach of the contractual obligations stated in *42 CFR 494.70.* Section 494.70(b) specifically mandates a 30 day advance written notice if the facility is discontinuing services to patients. The verified complaint further states that the United States Centers for Medicaid and Medicare Services (CMS) certifies dialysis centers as compliant with its rules and eligibility to receive federal funding. With certification, CKC and Dr. Gardiner are required to comply with federal and local laws. *42 CFR 494.20.*

Count II of the verified complaint, titled "Second Cause of Action" alleges that CKC's threat of closing violates the Outsourcing Contract between GHHFC and CKA because it did not give the required on hundred eighty days advance written notice of its intent to terminate for convenience.

From the Affidavit of Christopher E. Finch, Chair of the Board of the Virgin Islands Government Hospitals and Health Facilities Corporation (GHHFC), the court is advised that GHHFC contracted with CKC and Dr. Gardiner, for them to provide dialysis care to residents of the Territory and there is now approximately 220 persons utilizing the services. This contract expires on July 31, 2026. Under the terms of that contract, CKC agreed to maintain all professional standards applicable to its profession and to provide 90 days written notice of discontinuation of services to its patients and to arrange for the transfer of care.

Justa Encarnacion, the Virgin Islands Commissioner of health and a member of the GHHFC, among other responsibilities, affirmed to this court that on October 3, 2023, CKC's announcement to the VI Legislature of its intent to cease operations on October 7, 2023, verified the terms of its contract. The verified complaint states that CKC and Dr. Gardner were to provide 180 days prior notice of termination of the Outsourcing Contract without cause. Commissioner Encarnacion

further affirms that Dr. Gardiner/ CKC has refused to comply with the federal and local contractual notice requirements prior to closure.

Paulina Horsford, a kidney dialysis patient at CKC, affirmed by affidavit to this court that she has not received written notice of CKC's intent to transfer, discharge or discontinue its dialysis services. She further stated that the services provided by CKC are medically necessary for her well-being and survival.

It is clear to the court that Plaintiffs have established a reasonable probability of success on the merits. The sworn statements provided to court establish a contractual responsibility of CKC and Dr. Walter Gardiner to comply with the CMS notice requirements to patients prior to discontinuing services, the contractual 90 days written notice to its patients and the obligation to arrange for the transfer of the patients' care. Dr. Gardner/ CKC has not given the required notices. As a result, the discontinuation of services threatens the well-being and survival of approximately 220 of CKC's patients in the territory. Moreover, there is no other alternative health care facility, private or public, to provide equivalent services.

### (2) The movant will be irreparably injured by denial of the relief.

The court also finds that the movant has made a clear showing that immediate and irreparable injury may result if the requested relief is denied. Dialysis is a life-saving service necessary for persons with end stage renal disease. Approximately 220 Virgin Islanders, the beneficiaries of the GHHFC/CKC contract, depend upon the dialysis services provided by CKC. CKC is the only private CMS certified facility in the Territory providing life-saving dialysis services. The hospital facilities' current ability to provide dialysis to patients with end stage renal disease is "extremely limited." The failure of these services could result in termination lives. This catastrophic outcome, should CKC be permitted to terminate its services without its compliance with federal and local rules and contractual requirements, may be irreversible as further complications or death is a likely outcome.

### (3) The granting of the preliminary injunction will not result in even greater harm to the nonmoving party.

The court further finds a clear showing that the nonmovant will not suffer "greater harm" than the movant was the court to grant the relief requested. CKS would be obligated to continue under terms it voluntary agreed upon to provide dialysis services in the U.S. Virgin Islands until July 31, 2026. The Plaintiffs will suffer greater harm without dialysis services for over two hundred patients who are reliant upon CKC services should the contract be discontinued without the proper notices and arrangements for continuing care.

### (4) The Preliminary Injunction will meet the public interest.

Undoubtedly, the absence of dialysis services in the Virgin Islands, regardless of how long, can and will have dire consequences. There is a public interest in insuring that critical medical services are available to persons in the Virgin Islands. The sworn declaration of Justa Encarnacion,

Commissioner of Health, supports that GHHFC, consistent with its responsibilities, contracted with CKC, owned by Dr. Walter Gardiner, to provide life-saving dialysis services based upon the limited availability of such services in the Territory through private sources or at the Territory's hospital facilities. She further declares that the withdrawal of these services without proper notice and transfer of care could result in grave consequences. The court finds a clear showing that the public interest outweighs as there will be imminent and irreparable injury to over two hundred residents of the territory.

### Conclusion

Each of the factors, when considered under the sliding scale standard, weigh in favor of granting a temporary restraining order. The immediate and irreparable loss of needed dialysis services available to the Plaintiffs resulting with a loss, injury and even death to the people of the territory cannot be ignored should the GHHFC contract with CKC be permitted to be terminated on October 7, 2023, at 5:00 p.m. The court will grant a preliminary injunction enjoining the termination of the services on October 7, 2023, at 5:00 p.m. and schedule this matter for an expedited hearing on the merits in accordance with Virgin Islands Rules of Civil Procedure 65(a)(2). Notice shall be given to the adverse party per Rule 65(a)(1) of the Virgin Islands Rules of Civil Procedure. A separate Order shall be issued.

**DONE AND SO ORDERED** this 7th day of October 2023.

**HON. YVETTE ROSS EDWARDS**
JUDGE OF THE SUPERIOR COURT

ATTEST:
**TAMARA CHARLES**
Clerk of the Court
By: _____
Court Clerk
Dated: _____10-7-2023_____